THOMAS M. BRUEN (SBN 63324)
ERIK A. REINERTSON (SBN 218031)
LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:   (925) 295-3131
Facsimile:    (925) 295-3132
tbruen@sbcglobal.net

Attorneys for Defendant
KELLER CANYON LANDFILL COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, | No. C08-01251 EDL |
|---|---|
| Plaintiff, | ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |
| v. | |
| KELLER CANYON LANDFILL COMPANY, a corporation, | |
| Defendant. | |

Defendant KELLER CANYON LANDFILL COMPANY, a California corporation ("Defendant"), answers Plaintiff CALIFORNIA SPORTFISHING PROTECTION ALLIANCE's ("Plaintiff") unverified Complaint as follows:

I.  **INTRODUCTION.**

1.  Answering paragraph 1 of the Complaint, as to the characterization of the Complaint, Defendant responds that the Complaint speaks for itself. As to the remaining allegations of paragraph 1, Defendant denies these allegations.

ANSWER TO COMPLAINT                                    - 1 -

2. Answering paragraph 2 of the Complaint, insofar as the allegations are addressed to Defendant, Defendant denies the allegations in paragraph 2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and on that basis denies them.

3. Answering paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on that basis denies them.

## II. JURISDICTION AND VENUE.

4. Answering paragraph 4 of the Complaint, Defendant asserts that paragraph 4 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant admits that this Court has jurisdiction over properly pled allegations and violations of the Clean Water Act because the Clean Water Act is a federal statute. Except as so admitted, Defendant denies the remaining allegations in paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendant admits that it received Exhibit A. (Defendant denies the factual allegations contained in Exhibit A.) Except as so admitted, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the information contained in paragraph 5, and on that basis denies the allegations contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, Defendant admits that more than 60 days have passed since it received Exhibit A. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the information contained in paragraph 6, and on that basis denies the allegations contained in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendant asserts that paragraph 7 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant admits that Contra Costa County is in this judicial district, and that venue is proper in this Court. Except as so admitted, Defendant denies the remaining allegations in paragraph 7.

///

### III. PARTIES.

8. Answering paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies them.

9. Answering paragraph 9 of the Complaint, insofar as the allegations are addressed to Defendant, Defendant denies the allegations in paragraph 9. Defendant lacks knowledge or information to sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and on that basis denies them.

10. Answering paragraph 10 of the Complaint, Defendant admits the allegations of paragraph 10, except that the Landfill is located in the unincorporated area of Contra Costa County near the City of Pittsburg.

### IV. STATUTORY BACKGROUND.

11. Answering paragraph 11 of the Complaint, Defendant asserts that paragraph 11 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 11.

12. Answering paragraph 12 of the Complaint, Defendant asserts that paragraph 12 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant asserts that paragraph 13 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant admits the State Water Resources Control Board ("State Board") may and does issue general National Pollutant Discharge Elimination System ("NPDES") permits in California.

14. Answering paragraph 14 of the Complaint, Defendant asserts that paragraph 14 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant admits that the State Board issued a General Permit for industrial stormwater discharges (the "General Permit"). Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 14, and on that basis denies them.

15. Answering paragraph 15 of the Complaint, Defendant asserts that paragraph 15 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant asserts that the General Permit speaks for itself and denies the allegations in paragraph 15.

16. Answering paragraph 16 of the Complaint, Defendant asserts that paragraph 16 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant asserts that the General Permit speaks for itself and denies the allegations in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendant asserts that paragraph 17 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 17.

18. Answering paragraph 18 of the Complaint, Defendant asserts that paragraph 18 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant asserts that paragraph 19 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 19.

20. Answering paragraph 20 of the Complaint, Defendant asserts that paragraph 20 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant asserts that paragraph 21 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendant asserts that paragraph 22 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 22.

23. Answering paragraph 23 of the Complaint, Defendant asserts that paragraph

1  23ontains legal conclusions that Defendant is not required to admit or deny. To the extent a
2  response is deemed necessary, Defendant denies the allegations in paragraph 23

3      24.    Answering paragraph 24 of the Complaint, Defendant asserts that paragraph 24
4  contains legal conclusions that Defendant is not required to admit or deny. To the extent a
5  response is deemed necessary, Defendant denies the allegations in paragraph 24.

6      25.    Answering paragraph 25 of the Complaint, Defendant asserts that paragraph 25
7  contains legal conclusions that Defendant is not required to admit or deny. To the extent a
8  response is deemed necessary, Defendant admits that the Regional Board published a Basin Plan
9  and denies the remaining allegations in paragraph 25.

10      26.    Answering paragraph 26 of the Complaint, Defendant asserts that paragraph 26
11  contains legal conclusions the Defendant is not required to admit or deny. To the extent a
12  response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the
13  remaining allegations in paragraph 26.

14      27.    Answering paragraph 27 of the Complaint, Defendant asserts that paragraph 27
15  contains legal conclusions the Defendant is not required to admit or deny. To the extent a
16  response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the
17  remaining allegations in paragraph 27.

18      28.    Answering paragraph 28 of the Complaint, Defendant asserts that paragraph 28
19  contains legal conclusions the Defendant is not required to admit or deny. To the extent a
20  response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the
21  remaining allegations in paragraph 28.

22      29.    Answering paragraph 29 of the Complaint, Defendant asserts that paragraph 29
23  contains legal conclusions the Defendant is not required to admit or deny. To the extent a
24  response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the
25  remaining allegations in paragraph 29.

26      30.    Answering paragraph 30 of the Complaint, Defendant asserts that paragraph 30
27  contains legal conclusions the Defendant is not required to admit or deny. To the extent a
28  response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the

1 remaining allegations in paragraph 30.

2     31.    Answering paragraph 31 of the Complaint, Defendant asserts that paragraph 31 contains legal conclusions the Defendant is not required to admit or deny. To the extent a response is deemed necessary, the Basin Plan speaks for itself, and Defendant denies the remaining allegations in paragraph 31.

## V. STATEMENT OF FACTS.

    32.    Answering paragraph 32 of the Complaint, Defendant admits that the Keller Canyon Landfill is a Class II landfill located at 901 Bailey Road, near Pittsburg, California. The facility is engaged in the disposal of municipal solid waste, including certain Class II wastes as authorized by a Waste Discharge Requirements permit issued to the facility by the Regional Water Quality Control Board, as well as a Solid Waste Facilities Permit issued to the facility by the Local Enforcement Agency and the California Integrated Waste Management Board. The permitted area of the landfill itself is approximately 244 acres for the disposal of solid waste. Except as so expressly admitted, Defendant denies the allegations in paragraph 32.

    33.    Answering paragraph 33 of the Complaint, Defendant admits that stormwater from the facility may flow into Lawlor Creek and the City of Pittsburg stormdrain system. Except as so admitted, Defendant denies the allegations in paragraph 33.

    34.    Answering paragraph 34 of the Complaint, except as admitted in response to the allegations of paragraph 32, Defendant denies the allegations in paragraph 34.

    35.    Answering paragraph 35 of the Complaint, Defendant admits that activities that take place at the facility include the disposal of solid waste in a contained and permitted waste management unit, and that vehicles and equipment are used and parked on site for the handling and disposal of solid waste. Defendant admits that the handling and delivery of solid waste occurs in the permitted waste management unit, and that trucks enter and exit the facility from a public road. Except as so admitted, Defendant denies the allegations in paragraph 35.

    36.    Answering paragraph 36 of the Complaint, Defendant denies the allegations in paragraph 36.

    37.    Answering paragraph 37 of the Complaint, Defendant denies the allegations in

1  paragraph 37.

2      38.    Answering paragraph 38 of the Complaint, Defendant denies the allegations in
3  paragraph 38.

4      39.    Answering paragraph 39 of the Complaint, Defendant admits that various
5  stormwater samples have been taken since 2002, and have been duly reported in annual reports
6  certified to the Water Board. Except as so admitted, Defendant current denies the allegations in
7  paragraph 39.

8      40.    Answering paragraph 40 of the Complaint, Defendant denies the allegations in
9  paragraph 40.

10      41.    Answering paragraph 41 of the Complaint, Defendant asserts that paragraph 41
11  contains legal conclusions that Defendant is not required to admit or deny. To the extent that a
12  response is deemed necessary, Defendant admits that on February 9, 2007, Defendant sampled
13  stormwater discharge from the facility and reported the results in the facility's annual report,
14  which such annual report speaks for itself. Except as so admitted, Defendant denies the
15  remaining allegations in paragraph 41.

16      42.    Answering paragraph 42 of the Complaint, Defendant asserts that paragraph 42
17  contains legal conclusions that Defendant is not required to admit or deny. To the extent that a
18  response is deemed necessary, Defendant admits that on February 9, 2007, Defendant sampled
19  stormwater discharge from the facility and reported the results in the facility's annual report,
20  which such annual report speaks for itself. Except as so admitted, Defendant denies the
21  remaining allegations in paragraph 42.

22      43.    Answering paragraph 43 of the Complaint, Defendant asserts that paragraph 43
23  contains legal conclusions that Defendant is not required to admit or deny. To the extent that a
24  response is deemed necessary, Defendant admits that on February 9, 2007, Defendant sampled
25  stormwater discharge from the facility and reported the results in the facility's annual report,
26  which such annual report speaks for itself. Except as so admitted, Defendant denies the
27  remaining allegations in paragraph 43.

28      44.    Answering paragraph 44 of the Complaint, Defendant denies the allegations in

paragraph 44.

45. Answering paragraph 45 of the Complaint, Defendant denies the allegations in paragraph 45.

46. Answering paragraph 46 of the Complaint, Defendant denies the allegations in paragraph 46.

47. Answering paragraph 47 of the Complaint, Defendant denies the allegations in paragraph 47.

48. Answering paragraph 48 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis denies them.

49. Answering paragraph 49 of the Complaint, Defendant denies the allegations in paragraph 49.

50. Answering paragraph 50 of the Complaint, Defendant denies the allegations in paragraph 50.

51. Answering paragraph 51 of the Complaint, Defendant denies the allegations in paragraph 51.

52. Answering paragraph 52 of the Complaint, Defendant denies the allegations in paragraph 52.

**VI.   CLAIMS FOR RELIEF.**

53. Answering paragraph 53 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1-52, inclusive.

54. Answering paragraph 54 of the Complaint, Defendant asserts that paragraph 54 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 54.

55. Answering paragraph 55 of the Complaint, Defendant denies the allegations in paragraph 55.

56. Answering paragraph 56 of the Complaint, Defendant denies the allegations in paragraph 56.

57. Answering paragraph 57 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 56, inclusive.

58. Answering paragraph 58 of the Complaint, Defendant asserts that paragraph 58 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 58.

59. Answering paragraph 59 of the Complaint, Defendant denies the allegations in paragraph 59.

60. Answering paragraph 60 of the Complaint, Defendant denies the allegations in paragraph 60.

61. Answering paragraph 61 of the Complaint, Defendant denies the allegations in paragraph 61.

62. Answering paragraph 62 of the Complaint, Defendant denies the allegations in paragraph 62.

63. Answering paragraph 63 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1-62, inclusive.

64. Answering paragraph 64 of the Complaint, Defendant asserts that paragraph 64 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 64.

65. Answering paragraph 65 of the Complaint, Defendant denies the allegations in paragraph 65.

66. Answering paragraph 66 of the Complaint, Defendant denies the allegations in paragraph 66.

67. Answering paragraph 67 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 66, inclusive.

68. Answering paragraph 68 of the Complaint, Defendant asserts that paragraph 68 contains legal conclusions that Defendant is not required to admit or deny. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 68.

69. Answering paragraph 69 of the Complaint, Defendant denies the allegations in

1  paragraph 69.

2  70.  Answering paragraph 70 of the Complaint, Defendant denies the allegations in
3  paragraph 70.

4  71.  Answering paragraph 71 of the Complaint, Defendant denies the allegations in
5  paragraph 71.

6  72.  Answering paragraph 72 of the Complaint, Defendant denies the allegations in
7  paragraph 72.

8  72.  Answering paragraph 73 of the Complaint, Defendant denies the allegations in
9  paragraph 73.

10  74.  Answering paragraph 74 of the Complaint, Defendant denies the allegations in
11  paragraph 74.

12  75.  Answering paragraph 75 of the Complaint, Defendant incorporates by reference its
13  responses to paragraphs 1 through 74, inclusive.

14  76.  Answering paragraph 76 of the Complaint, Defendant denies the allegations in
15  paragraph 76.

16  77.  Answering paragraph 77 of the Complaint, Defendant denies the allegations in
17  paragraph 77.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to pursue the "Cause of Action" set forth in the Complaint.

#### THIRD AFFIRMATIVE DEFENSE

(Lack of Proper Notice)

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's 60-day notice was

1  inadequate and did not comply with 33 U.S.C. section 1365(b), or the U.S. Environmental
2  Protection Agency implementing regulation of 40 CFR section 135.3(a).

### FOURTH AFFIRMATIVE DEFENSE
(No Ongoing Violations)

The Complaint fails and is barred, in whole or in part, because the Court lacks subject matter jurisdiction over this dispute, and that there are no ongoing violations at the facility.

### FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The Complaint is barred, in whole or in part, by the applicable statutes of limitation, including 28 U.S.C. section 2462.

### SIXTH AFFIRMATIVE DEFENSE
(Doctrine of Laches)

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
(Compliance with Law and Legal Requirements)

Defendant should be absolved of any and all liability because its discharges of stormwater, if any, have been and are in compliance with all laws, statutes, regulations, ordinances, permits in existence at the time of any such discharges.

### EIGHTH AFFIRMATIVE DEFENSE
(No Discharge to Jurisdictional Waters)

The Complaint is barred, in whole or in part, because there has been no discharge to "navigable waters" as defined in 33 U.S.C. section 1362(7), or to the "waters of United States" as defined in 40 C.F.R. section 122.2.

### NINTH AFFIRMATIVE DEFENSE
(Unconstitutionally Vague)

Plaintiff's Complaint is barred because the relief it seeks is based on Plaintiff's own interpretation of statutes, regulations, ordinances and/or policies that are unconstitutionally vague so as to prevent the injunctive relief, civil penalties and attorneys' fees that Plaintiff seeks.

### TENTH AFFIRMATIVE DEFENSE

(Discharges Caused by Others)

The discharges referred to in Plaintiff's Complaint, if any there are, were caused by acts or omissions of entities or persons other than Defendant and over whom Defendant had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

(Reliance upon Government Regulators)

Defendant, at all times relevant to the matter from which the subject of Plaintiff's Complaint, acted in reliance upon the directions given it by pertinent government regulators.

### TWELFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part, by the equitable doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part, because Plaintiff has unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's Complaint, and each cause of action therein, is barred in whole or in party, by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated separate defenses available. Accordingly, Defendant reserves its right to assert additional separate defenses in the event discovery dictates such defense would be appropriate.

///

///

## PRAYER FOR RELIEF

Defendant respectfully requests that Plaintiff's declarations and requests for relief, including its request for injunctive relief, civil penalties, and attorneys' fees, be denied. The Complaint and each purported cause of action contained therein should be dismissed with prejudice and that judgment be entered for Defendant. Defendant further requests:

1. Plaintiff take nothing and its request for declaratory and equitable relief be denied;
2. Defendant be awarded its costs of suit herein;
3. Defendant be awarded its reasonable attorneys' fees in defending against this action; and
4. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: April 22, 2008.

LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation

By: _/s/ Thomas M. Bruen_
Thomas M. Bruen

Attorneys for Defendant
KELLER CANYON LANDFILL COMPANY

---

## DEMAND FOR JURY TRIAL

Defendant KELLER CANYON LANDFILL COMPANY hereby demands a trial by jury.

DATED: April 22, 2008.

LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation

By: _/s/ Thomas M. Bruen_
Thomas M. Bruen

Attorneys for Defendant
KELLER CANYON LANDFILL COMPANY