MICHAEL R. LOZEAU (State Bar No. 142893)
DOUGLAS J. CHERMAK (State Bar No. 233382)
Lozeau Drury LLP
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel: (510) 749-9102
Fax: (510) 749-9103 (fax)
E-mail: Michael@lozeaudrury.com
         Doug@lozeaudrury.com

ANDREW L. PACKARD (State Bar No. 168690)
MICHAEL P. LYNES (State Bar No. 230462)
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (415) 763-9227
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

THOMAS M. BRUEN (State Bar No. 63324)
Law Offices of Thomas M. Bruen
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 295-3131
Fax: (925) 295-3132
E-mail: tbruen@sbcglobal.net

Attorney for Defendant
KELLER CANYON LANDFILL COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>KELLER CANYON LANDFILL COMPANY, a corporation.<br><br>          Defendant. | Case No. 3:08-cv-01251-JSW<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS; [PROPOSED] ORDER GRANTING DISMISSAL [FRCP 41(a)(2)]**<br><br>Judge: Hon. Jeffrey S. White |

|   |   |
|---|---|
| 1 | WHEREAS, on October 19, 2007, Plaintiff California Sportfishing Protection Alliance ("CSPA") provided Defendant Keller Canyon Landfill Company ("KCLC") with a Notice of Violations and Intent to File Suit ("Notice") under Clean Water Act § 505, 33 U.S.C. § 1365. |

1  WHEREAS, on October 19, 2007, Plaintiff California Sportfishing Protection Alliance ("CSPA") provided Defendant Keller Canyon Landfill Company ("KCLC") with a Notice of Violations and Intent to File Suit ("Notice") under Clean Water Act § 505, 33 U.S.C. § 1365.

WHEREAS, on March 3, 2008, CSPA filed its Complaint against KCLC in this Court, *California Sportfishing Protection Alliance v. Keller Canyon Landfill Company,* Case No. 3:08-cv-01251-JSW. Said Complaint incorporates by reference all of the allegations contained in CSPA's Notice.

WHEREAS, CSPA and KCLC, through their authorized representatives and without either adjudication of CSPA's claims or admission by KCLC of any alleged violation or other wrongdoing, have chosen to resolve in full by way of settlement the allegations of CSPA as set forth in the Notice and Complaint, thereby avoiding the costs and uncertainties of further litigation. A copy of the Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"), without the attached exhibits, entered into by and between CSPA and KCLC is attached hereto as Exhibit 1 and incorporated by reference.

WHEREAS, the parties submitted the Settlement Agreement via certified mail, return receipt requested, to the U.S. EPA and the U.S. Department of Justice and the 45-day review period set forth at 40 C.F.R. § 135.5 has completed and the federal agencies have submitted correspondence to the Court indicating that they have no objection to the terms of the Settlement Agreement.

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the parties that CSPA's claims, as set forth in the Notice and Complaint, be dismissed. The parties respectfully request an order from this Court dismissing such claims. In accordance with paragraphs 2, 23, and 24 of the Settlement Agreement, the parties also request that this Court maintain jurisdiction over the parties through December 15, 2011, for the sole purpose of resolving any

///
///
///
///
///

disputes between the parties with respect to enforcement of any provision of the Settlement Agreement.

Dated: December 16, 2008          Respectfully submitted,

LAW OFFICE OF MICHAEL R. LOZEAU

By:     _/s/ *Douglas J. Chermak*_____
          Douglas J. Chermak
          Attorney for Plaintiff California Sportfishing
          Protection Alliance

LAW OFFICES OF THOMAS M. BRUEN

By:     _/s/ *Thomas M. Bruen* (as authorized on 12/16/08)_
          THOMAS M. BRUEN
          Attorneys for Defendant
          KELLER CANYON LANDFILL COMPANY

**[PROPOSED] ORDER**

Good cause appearing, and the parties having stipulated and agreed,

    IT IS HEREBY ORDERED that Plaintiff California Sportfishing Protection Alliance's claims against Defendant Keller Canyon Landfill Company, as set forth in the Notice and Complaint filed in Case No. 3:08-cv-01251-JSW, are hereby dismissed.

    IT IS FURTHER ORDERED that the Court shall retain jurisdiction over the parties through December 15, 2011 for the sole purpose of enforcing compliance by the parties of the terms of the Settlement Agreement, attached to the parties' Stipulation to Dismiss as Exhibit 1.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 17, 2008

_____
Judge Jeffrey S. White
United States District Judge

# EXHIBIT 1

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("AGREEMENT") is entered into between the California Sportfishing Protection Alliance ("CSPA") and Keller Canyon Landfill Company ("KCLC") (collectively, the "SETTLING PARTIES") with respect to the following facts and objectives:

### RECITALS

**WHEREAS**, CSPA is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to the protection, enhancement, and restoration of the San Francisco Bay, Suisun Bay, and other California waters;

**WHEREAS**, KCLC is a corporation organized under the laws of the State of California that owns and operates a Class II Landfill at 901 Bailey Road, Pittsburg, California (the "Facility") pursuant to State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities (hereinafter, the "General Permit"). A map of the Facility is attached hereto as Exhibit A and incorporated by reference;

**WHEREAS**, on October 19, 2007, CSPA provided KCLC a Notice of Violation and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on March 3, 2008, CSPA filed its Complaint in the United States District Court for the Northern District of California against KCLC (*California Sportfishing Protection Alliance v. Keller Canyon Landfill Company,* Case No. 3:08-cv-01251-JSW). A true and correct copy of the Complaint, including the 60-Day Notice Letter, is attached hereto as Exhibit B and incorporated by reference;

**WHEREAS**, KCLC denies any and all of CSPA's claims in its 60-Day Notice Letter and Complaint;

1
SETTLEMENT AGREEMENT: CSPA v. KCLC – Case No. 3:08-cv-01251-JSW

WHEREAS, CSPA and KCLC, through their authorized representatives and without either adjudication of CSPA's claims or admission by KCLC of any alleged violation or other wrongdoing, have chosen to resolve in full CSPA's allegations in the 60-Day Notice Letter and Complaint through settlement and avoid the cost and uncertainties of further litigation; and

WHEREAS, CSPA and KCLC have agreed that it is in their mutual interest to enter into this AGREEMENT setting forth the terms and conditions appropriate to resolving CSPA's allegations set forth in the 60-Day Notice Letter and Complaint.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CSPA and KCLC hereby agree as follows:

### EFFECTIVE DATE

1.   The term "Effective Date," as used in this AGREEMENT, shall mean the last date on which the signature of a party to this AGREEMENT is executed.

### COMMITMENTS OF CSPA

2.   **Stipulation to Dismiss and [Proposed] Order.** Within ten (10) calendar days of the expiration of the Agencies' review period specified in Paragraph 17 below, CSPA shall file a Stipulation to Dismiss and [Proposed] Order thereon pursuant to Federal Rule of Civil Procedure 41(a)(2) with the United States District Court for the Northern District of California ("District Court"), with this AGREEMENT attached and incorporated by reference, specifying that CSPA is dismissing all claims in CSPA's Complaint. Consistent with Paragraphs 11, 23 and 24 herein, the Stipulation to Dismiss and [Proposed] Order shall state that the District Court will maintain jurisdiction through December 15, 2011 for purposes of resolving any disputes between the SETTLING PARTIES with respect to any provision of this AGREEMENT. If the District Court chooses not to enter the Order, this AGREEMENT shall be null and void.

### COMMITMENTS OF KCLC

3.   **Compliance with General Permit.** KCLC agrees to operate the Facility in compliance with the applicable requirements of the General Permit and Clean Water Act.

4. **Implemented Storm Water Controls.** KCLC shall maintain in good working order all storm water collection and treatment systems currently installed or to be installed pursuant to this AGREEMENT, including, but not limited to, existing housekeeping measures.

5. **Additional Protection of Drains.** By the Effective Date of the AGREEMENT, KCLC shall take the following actions designed to improve the storm water pollution prevention measures at the drop inlets and outfall at the Facility and reduce suspended sediments and other pollutants.

    a. To provide an opportunity for sediments to settle out of low flow storm water runoff before it passes through the sedimentation pond's low flow outlet, KCLC shall construct a small check structure located within the sedimentation pond and upstream of the low flow outfall. An alternative will be evaluated as part of the meet and confer process, described below in Paragraphs 9-11, if this structure causes problems within the sedimentation pond, including the propagation of mosquitoes.

    b. To improve the functionality of the sedimentation pond, KCLC shall install two or three baffles at appropriate locations within the sedimentation pond.

    c. To slow the flow of storm water and create an opportunity for sediments to drop out, KCLC shall install small check structures or baffles in the concrete v-ditches throughout the Facility. KCLC will deploy such structures or devices at strategic locations in v-ditches throughout the Landfill site to determine their effectiveness at these various locations and to ensure that such a measure does not result in the v-ditches being overrun.

    d. To reduce the potential of erosion and tracking of sediment throughout the Facility, KCLC shall place appropriately-sized gravel in the transition areas between the paved roads and unpaved roads. These areas will be

marked on the map attached to KCLC's Storm Water Pollution Prevention Plan ("SWPPP").

e. To prevent the development of rills, gullies and the erosion of the roads, KCLC shall install flexible rubber or synthetic strips across unpaved roads as water breaks, designed to accommodate heavy truck traffic and replaced as necessary throughout each rainy season. These roads will be marked on the map attached to KCLC's SWPPP. KCLC will evaluate the effectiveness of these measures and whether they cause unintended consequences during the meet and confer process described below in Paragraphs 9-11.

f. To improve the efficacy of the straw bales to prevent direct runoff flow from unpaved surfaces and manage the runoff from erosional features near the road KCLC shall reposition the straw bales along the haul roads. The general location of these bales will be marked on the map attached to KCLC's SWPPP.

g. KCLC shall perform maintenance on the settling basin upstream of the road which leads down to Lawlor Creek from the maintenance building, and add one or two additional check structures in the form of rock or concrete structures downstream of the road to assist in the prevention of erosion and drop out sediments.

h. To slow the flow of storm water and create an opportunity for sediments to drop out, KCLC shall install check structures along the ditch along the fire road leading away from the landfill gas flare area.

i. KCLC shall remove any soil piles away from concrete v-ditches to prevent the release of any soil or suspended materials to the v-ditches.

  j. To reduce sediment discharges, KCLC shall place new appropriately-sized gravel in the unpaved areas around the shop building, which will be marked on the map attached to KCLC's SWPPP.

  k. To slow the flow of storm water and create an opportunity for sediments to drop out, KCLC shall install small check structures in the area where a culvert connects the concrete v-ditch running by the maintenance building to v-ditch West.

6. **Increased Housekeeping Measures.** By October 15, 2008, KCLC shall institute the following accelerated cleaning schedule at the facility:

  a. KCLC shall conduct regular visual observations in the area around the shop building and remove mud as necessary.

  b. KCLC shall maintain its practice of cleaning out the sedimentation basin during the dry season.

7. **Monitoring**. KCLC agrees to perform the monitoring described herein in addition to the minimum monitoring requirements of the General Permit.

  a. KCLC shall relocate the monitoring point at v-ditch East to the confluence of the v-ditch and the culvert bringing storm water from the Administration Building.

  b. During the 2008-2009, 2009-2010, and 2010-2011 rainy seasons, KCLC shall sample and analyze storm water discharges from the storm water discharge location in the drainage ditch that leads away from the area of the landfill flare.

  c. During the 2008-2009 rainy season, KCLC shall analyze all storm water discharge samples for iron.

      d.      During the 2008-2009 rainy season, KCLC shall sample and analyze storm water discharges from three (3) storm events that result in discharge consistent with the requirements and protocols set forth in the General Permit.

      e.      During the 2008-2009 rainy season, KCLC shall take representative photographs of its storm water samples and any BMPs installed pursuant to this agreement.

      f.      All photographs required by this Settlement Agreement shall be in color and electronically formatted. Each photograph shall be identified by date, and the location of the Facility being photographed. Any photograph required by this Settlement Agreement shall be provided to CSPA upon request via compact disc(s).

8.      **Monitoring Results.** During the term of this AGREEMENT, Annual Reports shall be provided to CSPA within 30 days of KCLC submission of such report to the Regional Board. During the term of this AGREEMENT, KCLC shall provide CSPA with copies of its storm water sampling results within 15 days upon request by CSPA.

9.      **Meet and Confer Regarding Exceedence of Levels of Potential Concern.** If analytical results of storm water samples taken by KCLC during the 2008-2009, 2009-2010 and/or the 2010-2011 rainy season indicate that storm water discharges from the Facility exceed the following Levels of Concern – Total Suspended Solids: 100 mg/L; Specific Conductance: 200 μmhos/cm; Oil & Grease: 15 mg/L; pH: 6.0-9.0 s.u.; Total Organic Carbon: 110 mg/L; or Iron: 1.0 mg/L – KCLC agrees to take additional feasible measures aimed at reducing pollutants in the Facility's storm water to levels at or below these Levels.

In furtherance of that objective, KCLC shall prepare a written statement ("Memorandum") discussing:

      (1) any exceedence or exceedences;

      (2) an explanation of the possible cause(s) and/or source(s) of any exceedence; and

6

SETTLEMENT AGREEMENT: CSPA v. KCLC – Case No. 3:08-cv-01251-JSW

>   (3)  additional feasible best management practices that will be taken to further reduce the possibility of future exceedance(s).

Such Memorandum shall be e-mailed and sent via first class mail to CSPA not later than July 15th following the conclusion of each rainy season.

10.  Any additional measures set forth in the Memorandum shall be implemented as soon as practicable, but not later than 21 days from the due date of the Memorandum, except where 1) structural changes require longer than 21 days to complete 2) weather-related conditions render immediate implementation infeasible; or 3) the SETTLING PARTIES agree in writing to defer implementation of specific measures in order to effectively meet and confer in accordance with paragraph 11. Within thirty (30) days of implementation, KCLC's SWPPP shall be amended to include all additional BMP measures designated in the Memorandum.

11.  Upon receipt of the Memorandum, CSPA may review and comment on any additional measures. If requested by CSPA within 21 days of receipt of such Memorandum, CSPA and KCLC shall meet and confer and conduct a site inspection within 60-days after the receipt of the Memorandum to discuss the contents of the Memorandum and the adequacy of proposed measures to improve the quality of the Facility's storm water to levels at or below the Levels of Concern. If within 21-days of the parties meeting and conferring, the parties do not agree on the adequacy of the additional measures set forth in the Memorandum, the SETTLING PARTIES may agree to seek a settlement conference with the Magistrate Judge assigned to this action pursuant to Paragraphs 23 and 24 below. If the SETTLING PARTIES fail to reach agreement on additional measures, CSPA may bring a motion before the Magistrate Judge consistent with Paragraphs 23 and 24 below.

12.  Any concurrence or failure to object by CSPA with regard to the reasonableness of any additional measures implemented by KCLC shall not be deemed to be an admission of the adequacy of such measures should they fail to bring the Facility's storm water into compliance with applicable water quality criteria or any Level of Concern.

13. In addition to any site inspections conducted as part of meeting and conferring on additional measures set forth above, KCLC shall permit representatives of CSPA, at CSPA's expense, to perform one (1) additional site visit per rainy season to the Facility during normal daylight business hours during the term of this AGREEMENT; provided that CSPA provides notice to KCLC via e-mail with at least two-days prior notice.

14. **Provision of Documents and Reports.** During the life of this AGREEMENT, KCLC shall provide CSPA with a copy of all documents submitted to the Regional Board or the State Water Resources Control Board ("State Board") concerning the Facility's storm water discharges, including but not limited to all documents and reports submitted to the Regional Board and/or State Board as required by the General Permit. Such documents and reports shall be mailed to CSPA contemporaneously with submission to such agency. KCLC also shall provide CSPA a copy of all documents referenced in this agreement, including but not limited to logs, photographs, or analyses, within seven days of a written request (via e-mail or regular mail) by CSPA.

15. **Amendment of SWPPP.** Within sixty (60) days of the Effective Date of this AGREEMENT, KCLC shall amend the Facility's Storm Water Pollution Prevention Plan ("SWPPP") to incorporate all changes, improvements, map revisions, sample log forms, and best management practices set forth in or resulting from this AGREEMENT. The Facility shall ensure that all maps comply with the requirements of the General Permit. A copy of the amended SWPPP shall be provided to CSPA within seven (7) days of completion.

16. **Mitigation, Fees, Costs, and Expenses**. As reimbursement for CSPA's investigative, expert and attorneys' fees and costs, and in lieu of payment by KCLC of any penalties which may have been assessed in this action if it had proceeded to trial, KCLC shall pay CSPA the sum of seventy eight thousand two hundred fifty dollars ($78,250.00).

    a. An initial payment of fifty six thousand five hundred ($56,500) shall be made by KCLC within thirty (30) calendar days of the District Court's entry of the Order dismissing the action described in Paragraph 2 of this AGREEMENT. Payment by KCLC to CSPA shall be made in the form of

a single check payable to "Lozeau-Drury LLP Attorney Client Trust Account."

b. Within ten (10) days of receipt of the initial amount, Lozeau Drury LLP shall forward a payment of thirty thousand seven hundred fifty dollars ($30,750) to the Rose Foundation for Communities and the Environment ("Rose Foundation") for the sole purpose of providing grants to environmentally beneficial projects within the San Francisco Bay-Delta Estuary, relating to water quality improvements in the area.

c. The remainder of the total sum, twenty-one thousand seven hundred fifty dollars ($21,750), shall be paid by KCLC to CSPA in three (3) annual payments of seven thousand two hundred fifty dollars ($7,250) made payable to "Lozeau-Drury LLP Attorney Client Trust Account." Such payments shall be due on each yearly anniversary from the due date of the initial payment described above in Paragraph 16(a).

The above payments shall constitute full payment for all costs of litigation and CSPA's request for a mitigation payment, including investigative, expert and attorneys' fees and costs incurred by CSPA that have or could have been claimed in connection with CSPA's claims, up to and including the Effective Date of this AGREEMENT.

17. **Review by Federal Agencies.** CSPA shall submit this AGREEMENT to the U.S. EPA and the U.S. Department of Justice (hereinafter, the "Agencies") via certified mail, return receipt requested, within five (5) days after the Effective Date of this AGREEMENT for review consistent with 40 C.F.R. § 135.5. The Agencies' review period expires forty-five (45) days after receipt of the AGREEMENT by both Agencies, as evidenced by the return receipts, copies of which shall be provided to KCLC upon receipt by CSPA. In the event that the Agencies comment negatively on the provisions of this AGREEMENT, CSPA and KCLC agree to meet and confer to attempt to resolve the issue(s) raised by the Agencies. If CSPA and KCLC are unable to resolve any issue(s) raised by the Agencies in their comments, CSPA and KCLC agree

to expeditiously seek a settlement conference with the Magistrate Judge assigned to the Complaint in this matter to resolve the issue(s).

## NO ADMISSION OR FINDING

18. Neither this AGREEMENT nor any payment pursuant to the AGREEMENT shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule or regulation. However, this AGREEMENT and/or any payment pursuant to the AGREEMENT may constitute evidence in actions seeking compliance with this AGREEMENT.

## MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

19. In consideration of the above, and except as otherwise provided by this AGREEMENT, the SETTLING PARTIES hereby forever and fully release each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the SETTLING PARTIES have against each other arising from CSPA's allegations and claims as set forth in the 60-Day Notice Letter and Complaint up to and including the Termination Date of this AGREEMENT.

20. The SETTLING PARTIES acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The SETTLING PARTIES hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and Complaint up to and including the Termination Date of this AGREEMENT.

21. For the period beginning on the Effective Date and ending on December 15, 2011, CSPA agrees that neither CSPA, its officers, executive staff, members of its governing board nor any organization under the control of CSPA, its officers, executive staff, or members of its governing board, will file any lawsuit against KCLC seeking relief for alleged violations of the Clean Water Act or violations of the General Permit. CSPA further agrees that, beginning on the Effective Date and ending on December 15, 2011, CSPA will not support other lawsuits, by providing financial assistance, personnel time or other affirmative actions, against KCLC that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the Clean Water Act to challenge KCLC's compliance with the Clean Water Act or the General Permit.

### TERMINATION DATE OF AGREEMENT

22. This AGREEMENT shall terminate on December 15, 2011.

### DISPUTE RESOLUTION PROCEDURES

23. Except as specifically noted herein, any disputes with respect to any of the provisions of this AGREEMENT shall be resolved through the following procedure. The SETTLING PARTIES agree to first meet and confer to resolve any dispute arising under this AGREEMENT. In the event that such disputes cannot be resolved through this meet and confer process, the SETTLING PARTIES agree to request a settlement meeting before a Magistrate Judge. In the event that the SETTLING PARTIES cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge, the SETTLING PARTIES agree to submit the dispute via motion to the Magistrate Judge.

24. In resolving any dispute arising from this AGREEMENT, the Magistrate Judge shall have discretion to award attorneys' fees and costs to either party. The relevant provisions of the then-applicable Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the Magistrate Judge. The SETTLING PARTIES agree to file any waivers necessary for the Magistrate Judge to preside over any settlement conference and motion practice.

## BREACH OF SETTLEMENT AGREEMENT

25. **Impossibility of Performance.** Where implementation of the actions set forth in this AGREEMENT, within the deadlines set forth in those paragraphs, becomes impossible, despite the timely good faith efforts of the SETTLING PARTIES, the party who is unable to comply shall notify the other in writing within seven (7) days of the date that the failure becomes apparent, and shall describe the reason for the non-performance. The SETTLING PARTIES agree to meet and confer in good faith concerning the non-performance and, where the SETTLING PARTIES concur that the non-performance was or is impossible, despite the timely good faith efforts of one of the SETTLING PARTIES, new performance deadlines shall be established. In the event that the SETTLING PARTIES cannot timely agree upon the terms of such a stipulation, either of the SETTLING PARTIES shall have the right to invoke the dispute resolution procedure described herein.

## GENERAL PROVISIONS

26. **Construction.** The language in all parts of this AGREEMENT shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the General Permit, Clean Water Act or specifically herein.

27. **Choice of Law.** This AGREEMENT shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

28. **Severability.** In the event that any provision, section, or sentence of this AGREEMENT is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

29. **Correspondence.** All notices required herein or any other correspondence pertaining to this AGREEMENT shall be sent by regular, certified, or overnight mail as follows:

If to CSPA:

Bill Jennings, Chairman
California Sportfishing Protection Alliance
3536 Rainier Road

Stockton, CA 95204
Tel: (209) 464-5067
deltakeep@aol.com

And to:

Michael R. Lozeau
Douglas J. Chermak
Lozeau Drury LLP
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel: (510) 749-9102
michael@lozeaudrury.com
doug@lozeaudrury.com

<u>If to KCLC:</u>

Michael Caprio
Keller Canyon Landfill Company
901 Bailey Road
Pittsburg, California 94565
Tel: (925) 458-9800
mcaprio@awin.com

And to:

Thomas M. Bruen
Law Offices of Thomas M. Bruen
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 295-3131
tbruen@sbcglobal.net

Notifications of communications shall be deemed submitted on the date that they are e-mailed, postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any change of address or addresses shall be communicated in the manner described above for giving notices.

30. **Counterparts.** This AGREEMENT may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this AGREEMENT.

31. **Assignment.** Subject only to the express restrictions contained in this AGREEMENT, all of the rights, duties and obligations contained in this AGREEMENT shall inure to the benefit of and be binding upon the SETTLING PARTIES, and their successors and assigns.

32. **Modification of the Agreement:** This AGREEMENT, and any provisions herein, may not be changed, waived, discharged or terminated unless by a written instrument, signed by the SETTLING PARTIES.

33. **Full Settlement.** This AGREEMENT constitutes a full and final settlement of this matter. It is expressly understood and agreed that the AGREEMENT has been freely and voluntarily entered into by the SETTLING PARTIES with and upon advice of counsel.

34. **Integration Clause.** This is an integrated AGREEMENT. This AGREEMENT is intended to be a full and complete statement of the terms of the agreement between the SETTLING PARTIES and expressly supersedes any and all prior oral or written agreements covenants, representations and warranties (express or implied) concerning the subject matter of this AGREEMENT.

35. **Authority.** The undersigned representatives for CSPA and KCLC each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this AGREEMENT.

The SETTLING PARTIES hereby enter into this AGREEMENT.

Date: Oct. 27th, 2008

Keller Canyon Landfill Company

By: Michael Caprio
Title: Marketing Vice President

Date: 10.24, 2008

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

By: Jim Crenshaw
Title: President

**APPROVED AS TO FORM:**

For DEFENDANT

LAW OFFICES OF THOMAS M. BRUEN

Date: 10-29, 2008

By: Thomas M. Bruen, Esq.

For PLAINTIFF
LOZEAU DRURY LLP

Date: October 24, 2008

By: Douglas J. Chermak, Esq.